IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DARRYL GARDNER,** | : | CIVIL ACTION NO. 1:22-CV-1007 |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **LAUREL HARRY,** *et al.*, | : | |
| **Defendants** | : | |

**MEMORANDUM**

This is a civil rights case filed pursuant to 42 U.S.C. § 1983.  Plaintiff, Darryl Gardner, alleges that his placement in a double cell in the Camp Hill State Correctional Institution ("SCI-Camp Hill") violates Pennsylvania Department of Corrections ("DOC") policy and the United States Constitution.  We have screened the complaint pursuant to 28 U.S.C. § 1915A and conclude that it fails to state a claim upon which relief may be granted.  The complaint will be dismissed without prejudice and Gardner will be granted leave to file an amended complaint.

I. **Factual Background & Procedural History**

Gardner filed the complaint that initiated this case on June 13, 2022.  (Doc. 1). Gardner alleges that he is currently double celled and has been doubled celled since eighteen days before the filing of his complaint.  (Id.)  He does not allege that he has suffered any harm beyond the fact that he is double celled.  (Id.)  Gardner alleges that the practice of double celling violates DOC policy.  (Id. at 3).  Gardner has also filed a motion for injunctive relief and damages in which he provides more factual

support for his claims and asserts that his placement in a double cell violates the Equal Protection Clause of the Fourteenth Amendment. (Doc. 9).

## II. Legal Standard

The Prison Litigation Reform Act authorizes a district court to review a complaint in a civil action in which a prisoner seeks redress against a governmental employee or entity. See 28 U.S.C. § 1915A.[1] The court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See id.

## III. Discussion

Gardner brings his claims under 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. 42 U.S.C. § 1983. The statute is not a source of substantive rights, but serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d

---

[1] 28 U.S.C. § 1915A provides:

**(a) Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
**(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
  **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
  **(2)** seeks monetary relief from a defendant who is immune from such relief.

2

Cir. 1996). To state a Section 1983 claim, plaintiffs must show a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law." Kneipp, 95 F.3d at 1204 (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

Having reviewed Gardner's complaint, we will dismiss it for failure to state a claim upon which relief may be granted. To begin, Gardner's claims that his placement in a double cell violates DOC policy is not cognizable in a Section 1983 action. See, e.g., Pettis v. Everhart, 857 F. App'x 712, 714 n.4 (3d Cir. 2021); Companiony v. Murphy, 658 F. App'x 118, 120 n.6 (3d Cir. 2016); Keeling v. Wetzel, No. 4:18-CV-2195, 2021 WL 3115180, at *5 (M.D. Pa. July 22, 2021); Johnson v. Dep't of Corrs., No. 1:14-CV-896, 2016 WL 1135501, at *8 n.41 (M.D. Pa. Mar. 3, 2016), *report and recommendation adopted*, No. 1:14-CV-896, 2016 WL 1109471, at *1 (M.D. Pa. Mar. 22, 2016).

Gardner's claim that his placement in a double cell violates his constitutional rights likewise fails to state a claim upon which relief may be granted. Double celling of inmates is not *per se* unconstitutional, see, e.g., Rhodes v. Chapman, 452 U.S. 337, 348 (1981); Tillery v. Owens, 907 F.2d 418, 426-27 (3d Cir. 1990); Mitchell v. Dodrill, 696 F. Supp. 2d 454, 468 (M.D. Pa. 2010), and Gardner does not allege any facts as to how his rights were violated beyond the fact that he was double celled.

Finally, Gardner's assertion of an equal protection claim in his motion for injunctive relief and damages is not sufficient to state an equal protection claim upon which relief may be granted. Complaints may not be amended through arguments made in motions or briefs. Commw. of Pa. *ex rel.* Zimmerman v.

3

PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988).  We will therefore dismiss Gardner's complaint and deny his motion for injunctive relief and damages because his current complaint does not provide any basis for granting such relief.

Before dismissing a civil rights complaint for failure to state a claim upon which relief may be granted, a district court must permit a curative amendment unless the amendment would be inequitable or futile.  Phillips, 515 F.3d 224, 245 (3d Cir. 2008).  With the exception of Gardner's claim that double celling violates DOC policy, we find that leave to amend is appropriate because Gardner's claims are factually, rather than legally, deficient.

## IV.    Conclusion

We will dismiss the complaint under 28 U.S.C. § 1915A, deny Gardner's motion for injunctive relief and damages, and grant Gardner leave to file an amended complaint.  An appropriate order follows.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    August 9, 2022